ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiff JARRELL ELLSWORTH, on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRELL ELLSWORTH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC.; ROADMASTER DRIVERS SCHOOL, INC.; ROADMASTER DRIVERS SCHOOL OF FONTANA, INC.; CARCO GROUP, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:25-cv-02263-CV-SP<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT AND COMPLAINT FOR PUBLIC INJUNCTIVE RELIEF FOR:**<br><br>(1) Violation of 15 U.S.C. § 1681b(b)(3);<br>(2) Violation of 15 U.S.C. §§ 1681b(f), 1681q;<br>(3) Violation of California Civ. Code § 1786.40(a);<br>(4) Violation of California Gov. Code §§ 12940(i), 12952;<br>(5) Violation of California Civil Code §§ 1786.16(a)(4) and 1786.20(c);<br>(6) Violation of California Labor Code § 432.7;<br>(7) Violation of 15 U.S.C. § 1681e;<br>(8) Violation of 15 U.S.C.§ 1681g;<br>(9) Violation of Business & Professions Code § 17200, *et seq.*<br>(10) Penalties Pursuant to California Labor Code § 2699, *et seq.*<br>(11) Declaratory and Injunctive Relief<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff JARRELL ELLSWORTH ("Plaintiff"), on behalf of himself, all others similarly situated, aggrieved employees, and the general public, complains of Defendants WERNER ENTERPRISES, INC., a Nebraska corporation; ROADMASTER DRIVERS SCHOOL, INC., a Florida corporation; ROADMASTER DRIVERS SCHOOL OF FONTANA, INC., a Florida corporation; CARCO GROUP, INC., a Delaware corporation DBA CISIVE; and Does 1 through 50, inclusive (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. This class and representative action and action for public injunctive relief arises from the acquisition and use of consumer reports or investigative consumer reports (referred to collectively as "background reports" or "consumer reports" for the sake of brevity) to conduct background checks on Plaintiff and prospective employees.

2. Defendants WERNER ENTERPRISES, INC., ROADMASTER DRIVERS SCHOOL, INC., and ROADMASTER DRIVERS SCHOOL OF FONTANA, INC. (collectively, "Werner") routinely obtain and use information from background reports in connection with their hiring processes without complying with state and federal mandates for doing so.

3. Defendant CARCO GROUP, INC. DBA CISIVE ("Cisive") prepares and furnishes consumers reports on applicants to prospective employers, including but not limited to Werner.

4. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks all applicable and available remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

5. Werner violated the requirements under this statute in at least two separate ways: (1) failing to provide proper pre-adverse-action disclosures to job applicants; and (2) providing false certifications to consumer reporting agencies.

6. First, Werner failed to provide pre-adverse-action notices to applicants

when relying on information contained in their consumer reports to make employment decisions. The FCRA requires users of consumer reports to follow certain procedures and provide certain disclosures prior to taking adverse actions against applicants based in whole or in part on their consumer reports. Among other things, prior to taking an adverse action based in whole or in part on the consumer report, an employer must provide a "pre-adverse-action notice," which includes a copy of the consumer report and a current version of the FCRA Summary of Rights issued by the Consumer Financial Protection Bureau (CFPB).

7. Werner failed to provide a copy of the consumer report and a current version of the FCRA Summary of Rights prior to taking adverse action against numerous applicants, including Plaintiff.

8. Second, Werner failed to provide proper certifications to consumer reporting agencies for procuring background reports on applicants or Werner's certifications to consumer reporting agencies that the reports were for a proper purpose under the FCRA were false because Werner used applicants' criminal record information to make employment determinations in violation of California law.

9. In addition to violating the FCRA, Werner violated California's Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civil Code § 1786.40, by taking adverse action without providing applicants notice of such action.

10. Werner also violated California's Fair Chance Act, Cal. Government Code § 12952, by taking employment action based on prohibited information and failing to provide notice to the applicant of the employer's preliminary decision to reject the applicant based on a criminal conviction.

11. Cisive facilitated this unlawful conduct. Cisive violated the Fair Chance Act and Labor Code § 432.7 by knowingly disclosing criminal record information pertaining to an arrest or other proceeding that did not result in conviction to prospective employers, including Werner. Cisive thereby also violated the FCRA by including information in its consumer reports that violate California equal

employment opportunity law or regulation. By receiving this prohibited information, Werner also violated Labor Code § 432.7.

12. As further alleged herein, Defendants' violations occurred because Defendants have willfully failed to follow the statutory mandates before preparing, furnishing, seeking, acquiring, and using background reports for employment purposes; violated the express and unambiguous provisions of the relevant statutes; or failed to implement reasonable procedures to assure compliance with statutory mandates.

13. On behalf of himself, putative class members, aggrieved employees, and the general public, Plaintiff seeks all available remedies, including but not limited to actual damages, statutory damages, punitive damages, injunctive relief including public injunctive relief, costs and expenses of litigation including attorney's fees, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## PARTIES

14. Defendant Werner Enterprises, Inc. is a company that operates in California.

15. Defendant Roadmaster Drivers School, Inc. is a company that operates in California.

16. Defendant Roadmaster Drivers School of Fontana, Inc. is a company that operates in California.

17. Defendant Carco Group, Inc. dba Cisive is a company in the business of preparing and furnishing consumer reports to users such as Werner.

18. At all times mentioned herein Plaintiff was and is a resident of the State of California.

19. The true names and capacities, whether individual, corporate, associate, or whatever else, of the defendants sued herein as Does 1 to 50, inclusive, are currently

unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as Does is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of the defendants designated herein as Does when their identities become known.

20. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the employee, agent, partner, alter-ego, and/or joint venturer of the other defendants; that defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto; and that the acts of each defendant are legally attributable to the other defendants.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

22. Plaintiff applied for a job with Werner in or around March 2025.

23. In connection with Plaintiff's job application, Werner procured or caused to be procured a background report, also called a "consumer report," on Plaintiff from a consumer reporting agency or investigative consumer reporting agency (hereinafter, "CRA").

24. Cisive prepared and furnished a background report on Plaintiff to Werner. The consumer report contained criminal record information relating to an arrest or other proceeding that had not resulted in conviction.

25. Based on this background report, Werner declined to hire Plaintiff.

26. However, Werner did not provide Plaintiff and, upon information and belief, other adversely affected applicants, with (1) a copy of the background report before taking adverse action or (2) the FCRA Summary of Rights promulgated by the Consumer Financial Protection Bureau (CFPB), as required by section 15 U.S.C. §

1681b(b)(3)(A) of the FCRA.

27. Werner also did not provide Plaintiff or other adversely affected California applicants with Werner's preliminary decision to reject the applicant based on criminal record information, an opportunity to respond, and notice of the final denial of employment based on such conviction, as required by California's Fair Chance Act.

28. Werner, and upon information and belief other prospective employers, received, considered, and used consumer reports furnished by Cisive containing criminal record information of arrests or other proceedings that did not result in conviction, in violation of Labor Code § 432.7 and California's Fair Chance Act.

29. Werner knew or reasonably should have known that failing to provide an applicant pre-adverse-action notices violated the law based on the following:

- the plain language of the FCRA and ICRAA, in particular 15 U.S.C. § 1681b(b)(3) and Cal. Civ. Code § 1786.40;
- Werner's communications with CRAs including Cisive who are or should be knowledgeable about state and federal consumer-reporting requirements; and
- upon information and belief, Werner's certifications to its CRAs including Cisive regarding its compliance with the provisions of the FCRA, ICRAA, and Fair Chance Act at issue in this Complaint. *See* 15 U.S.C. § 1681b(b)(1); Cal. Civ. Code § 1786.16(a)(4).

30. Similarly, both Werner and Cisive knew or reasonably should have known that disclosing, receiving, and using criminal record information of arrests or proceedings that did not result in conviction ran afoul of express restrictions in Labor Code § 432.7 and the Fair Chance Act and thus would violate state equal employment opportunity laws, in direct violation of the FCRA.

31. Despite Defendants' knowledge of their legal requirements under these laws, Defendants systematically failed to comply with these requirements.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action in part as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following classes and subclass:

> **FCRA Adverse Action Class**: All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Werner within the longest applicable limitations period against whom Werner took adverse employment action based in whole or in part on information contained in a consumer report.

> **California Adverse Action Subclass**: All persons residing in California who applied for employment with or were employed by Werner within the longest applicable limitations period against whom Werner took adverse employment action based in whole or in part on information contained in an investigative consumer report.

> **California Fair Chance Class**: All persons who applied for employment with Werner in California within the longest applicable limitations period (a) on whom Werner ordered a background report, (b) whom Werner did not hire, and (c) whose background report contained a record of a criminal conviction or other criminal record information identified in Government Code section 12952.

> **California Labor Code Section 432.7 Cisive Class:** All persons on whom Cisive prepared consumer reports for employment purposes in California containing criminal record information pertaining to an arrest or other proceeding that did not result in conviction within the longest applicable limitations period.

> **California Labor Code Section 432.7 Employer Class:** All applicants or employees of Werner in California within the longest applicable limitations period on whom Werner ordered a background report and whose background report contained criminal record information pertaining to an arrest or other proceeding that did not result in conviction.

> **Section 1681g Class**: All consumers in the United States within the longest applicable limitations period who requested a file disclosure from Cisive but to whom Cisive did not disclose such information upon request.

33. Members of the classes and subclass, as described above, will be referred to as "class members." Excluded from the classes and subclass are: (1) Defendants, any entity or division in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff and members of their immediate family. Plaintiff reserves the right to amend the above classes and subclass and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

34. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the classes and subclass are easily ascertainable.

### A. Numerosity

35. Although the precise number of class members has not been determined, Plaintiff estimates that the classes and subclass consist of hundreds of members and that the identity of such persons is readily ascertainable by inspection of Defendants' employment and/or hiring records. Therefore it is reasonable that the class members are so numerous that joinder is impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

### B. Common Questions Predominate

36. There are questions of law and fact common to the classes and subclass that predominate over any questions affecting only individual class members. Thus proof of a common set of facts will establish the right of each class member to recovery. These common questions of law and fact include but are not limited to:

a. Whether Werner violated section 1681b(b)(3)(A) of the FCRA by failing to provide applicants with copies of their consumer reports before taking adverse action, as required by section 1681b(b)(3)(A) of the FCRA;

b. Whether Werner violated section 1681b(f) of the FCRA falsely certifying that it would use the background reports for a proper purpose;

c. Whether Werner violated section 1681b(f) of the FCRA by violating state equal employment opportunity laws;

d. Whether Werner violated the ICRAA by failing to advise Plaintiff and class members that it intended to take adverse action against them and by failing to supply the name and address of the investigative consumer reporting agency making the report about them, as required under Cal. Civ. Code § 1786.40(a);

e. Whether Defendants violated California's Fair Chance Act, Cal. Gov't Code § 12952;

f. Whether Defendants violated Labor Code § 432.7 by providing and using criminal record information pertaining to arrests and other proceedings that did not result in convictions when making employment decisions;

g. Whether Cisive violated 15 U.S.C. § 1681e by including in its consumer reports criminal record information pertaining to arrests and other proceedings that did not result in convictions; and

h. Whether Cisive violated 15 U.S.C. § 1681g by failing to provide required file disclosures to consumers who had requested them.

**C. Typicality**

37. Plaintiff's claims are typical of the claims of the class members because Werner engaged in adverse action against Plaintiff based in whole or in part on a

background report without providing him with the proper notices. Further, Defendants prepared, disclosed, and used prohibited criminal record information on Plaintiff for employment purposes. The factual underpinning of Defendants' misconduct is common to all class members and represents a common thread of misconduct resulting in injury to all class members. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members and are based on the same legal theories.

**D. Adequacy**

38. Plaintiff will fairly and adequately represent and protect the interests of the classes and subclass. Counsel who represent Plaintiff and putative class members are experienced and competent in litigating class actions.

**E. Superiority of Class Action**

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of putative class members is not practicable, and questions of law and fact common to class members predominate over any questions affecting only individual class members. Each class member is entitled to recovery as a result of the violations alleged herein. Moreover, because the damages suffered by individual members of the classes and subclass may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the classes and subclass to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

///

///

///

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(3)(A)**

***(Brought by Plaintiff on behalf of the FCRA Adverse Action Class against Werner)***

40. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

41. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

42. Section 1681b(b)(3)(A) of the FCRA requires that before anyone takes any adverse action based in whole or in part on a consumer report he or she must first "provide to the consumer to whom the report relates a copy of the report; and a description in writing of the rights of the consumer under this subchapter, as prescribed by the [Consumer Financial Protection Bureau] under section 1681g(c)(3) of this title," i.e., the FCRA Summary of Rights promulgated by the Consumer Financial Protection Bureau (CFPB).

43. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Werner has a policy and practice of taking adverse actions against applicants, including Plaintiff, based in whole or in part on their consumer reports without first providing them with copies of the reports or a current version of the FCRA Summary of Rights promulgated by the CFPB.

44. As alleged above, Werner's conduct in violation of Section 1681b(b)(3)(A) of the FCRA was and is willful in that Werner acted in deliberate or reckless disregard of its obligations and the rights of applicants, including Plaintiff and class members.

///

45. As a result of Werner's conduct, Plaintiff and other applicants suffered injury in that they were denied the right to review a copy of their consumer reports before Werner took adverse action against them. This failure to send pre-adverse action notices led Plaintiff and the other putative class members to lose the opportunity to make timely informed decisions about their employment, including among other things reviewing the report for completeness and accuracy and remedying or attempting to remedy or explain information contained in their reports to obtain employment or otherwise seek other employment.

46. Pursuant to 15 U.S.C. § 1681n, Plaintiff on behalf of himself and all class members seeks all available remedies, including actual, statutory, and punitive damages, and attorneys' fees and costs.

## <u>SECOND CAUSE OF ACTION</u>

## VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681b(f), 1681q

***(Brought on behalf of Plaintiff and the FCRA Adverse Action Class, the California Adverse Action Subclass, the California Fair Chance Class, and the California Labor Code Section 432.7 Employer Class against Werner)***

47. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

48. Section 1681b(f) of the FCRA provides, in relevant part:

> "(f) Certain use or obtaining of information prohibited. A person shall not use or obtain a consumer report for any purpose unless
> …
> "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> "(2) the purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification."

49. Section 1681b(b)(1)(A)(ii) provides in pertinent part: "Conditions for Furnishing and Using Consumer Reports for Employment Purposes. (1) Certification

from user. A consumer reporting agency may furnish a consumer report for employment purposes only if (A) the person who obtains such report from the agency certifies to the agency that – (i) the person … will comply with paragraph (3) [requiring the provision of a pre-adverse-action notice to adverse affected applicants or employees] with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation[.]"

50. As alleged above, Werner violated Section 1681b(f) of the FCRA by obtaining consumer reports on Plaintiff and class members without providing proper and true certifications to its CRAs regarding the use of the consumer reports, including certifications that Werner would provide FCRA Adverse Action Class Members with copies of their reports and a summary of their rights under the FCRA, as required under section 1681b(b)(3). In this way, Werner impermissibly accessed consumer reports on Plaintiff and the members of the FCRA Adverse Action Class, in violation of 15 U.S.C. § 1681q.

51. Werner also violated Section 1681b(f) with regard to the California Fair Chance Class and California Labor Code Section 432.7 Employer Class by using prohibited criminal record information in a manner that violates California equal employment opportunity laws, namely, Labor Code § 432.7 and California's Fair Chance Act, Cal. Gov. Code § 12952. Specifically, Werner obtained and used a record of arrest or other proceeding that did not result in conviction for employment purposes; moreover, Werner based employment decisions on applicants' criminal record information without providing these applicants with the notices required under the Fair Chance Act.

52. Section 12952 requires an employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history to make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify

denying the applicant the position, considering such factors as the nature and gravity of the offense or conduct, the time that has passed since the offense or conduct and completion of the sentence, and the nature of the job held or sought. If the employer intends to disqualify the applicant based on his or her conviction history, the employer must notify the applicant of this preliminary decision in writing and specifically identify the disqualifying conviction(s), include a copy of the history report, and provide an explanation of the applicant's right to respond to the notice of preliminary decision before it becomes final within five business days. If the employer makes a final decision to deny the application solely or in part because of the applicant's conviction history, the employer must notify the applicant in writing of the disqualification, any existing procedure the employer has for the applicant to challenge the decision or request reconsideration, and the applicant's right to file a complaint with the Department of Fair Employment and Housing.

53. Werner violated Section 12952 by failing to conduct individualized assessments of Plaintiff and other members of the California Fair Chance Act class and give them the appropriate notifications, as described in the preceding paragraph.

54. Further, as alleged hereinbelow, Labor Code § 432.7 prohibits a prospective employer from seeking from any source whatsoever or utilizing as a factor in determining any condition of employment, including hiring, a record of arrest or other proceeding not resulting in conviction, and also prohibits prospective employers from knowingly receiving or possessing such information. Werner violated Labor Code § 432.7 with regard to Plaintiff and, upon information and belief, other applicants by procuring, obtaining, receiving, and possessing such criminal record information.

55. Because Werner's use of consumer reports was in violation of state equal employment opportunity laws and regulations, Defendants violated the FCRA, which requires compliance with state equal employment opportunity laws, *see* 15 U.S.C. § 1681b(b)(1)(A)(ii), and the failure to so comply constitutes a violation of

Section 1681b(f).

56. Werner's violations of the foregoing provisions harmed Plaintiff and putative class members by denying them job opportunities and the ability to make timely and informed decisions about their employment, as alleged hereinabove.

57. Werner's conduct in violation of Section 1681b(f) of the FCRA was and is willful in that Werner acted in deliberate or reckless disregard of its obligations and the rights of applicants, including Plaintiff and class members.

58. Pursuant to 15 U.S.C. § 1681n, Plaintiff on behalf of himself and all class members seeks all available remedies including actual, statutory, and punitive damages, and attorneys' fees and costs.

59. In the alternative to the allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

**<u>THIRD CAUSE OF ACTION</u>**

**VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIV. CODE § 1786.40**

***(Brought by Plaintiff on behalf of the California Adverse Action Subclass against Werner)***

60. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

61. Section 1786.40(a) of the ICRAA provides in relevant part as follows:

> (a) Whenever … employment … is denied … under circumstances in which a report regarding the consumer was obtained from an investigative consumer reporting agency, the user of the investigative consumer report shall so advise the consumer against whom the adverse action has been taken and supply the name and address of the investigative consumer reporting agency making the report.

62. Werner violated Section 1786.40(a) of the ICRAA by failing to advise Plaintiff and California Adverse Action Subclass Members that they took adverse

action against them under circumstances in which a report regarding the consumer was obtained, and it failed to supply the name and address of the investigative consumer reporting agency making the report about them.

63. Plaintiff, on behalf of himself and all California Adverse Action Subclass Members, seeks actual damages, statutory damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1786.50.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE FAIR CHANCE ACT,**

**CAL GOV. CODE §§ 12940(i), 12952**

***(Brought on behalf of the California Fair Chance Class and the California Labor Code Section 432.7 Cisive Class against Werner and Cisive)***

64. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

65. Government Code § 12952(c)(1)(A) provides, "An employer that intends to deny an applicant a position of employment solely or in part because of the applicant's conviction history shall make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position. In making the assessment described in this paragraph, the employer shall consider all of the following: (i) The nature and gravity of the offense or conduct. (ii) The time that has passed since the offense or conduct and completion of the sentence. (iii) The nature of the job held or sought. (B) An employer may, but is not required to, commit the results of this individualized assessment to writing."

66. "If the employer makes a preliminary decision that the applicant's conviction history disqualifies the applicant from employment, the employer shall notify the applicant of this preliminary decision in writing. That notification may, but is not required to, justify or explain the employer's reasoning for making the preliminary decision. The notification shall contain all of the following: (A) Notice

of the disqualifying conviction or convictions that are the basis for the preliminary decision to rescind the offer. (B) A copy of the conviction history report, if any. (C) An explanation of the applicant's right to respond to the notice of the employer's preliminary decision before that decision becomes final and the deadline by which to respond . . . . (3) The applicant shall have at least five business days to respond to the notice provided to the applicant under paragraph (2) before the employer may make a final decision. If, within the five business days, the applicant notifies the employer in writing that the applicant disputes the accuracy of the conviction history report that was the basis for the preliminary decision to rescind the offer and that the applicant is taking specific steps to obtain evidence supporting that assertion, then the applicant shall have five additional business days to respond to the notice. (4) The employer shall consider information submitted by the applicant pursuant to paragraph (3) before making a final decision." Cal. Gov. Code § 12952(c)(2)-(4).

67. Further, "If an employer makes a final decision to deny an application solely or in part because of the applicant's conviction history, the employer shall notify the applicant in writing of all the following: (A) The final denial or disqualification . . . (B) Any existing procedure the employer has for the applicant to challenge the decision or request reconsideration. (C) The right to file a complaint with the department." Cal. Gov. Code § 12952(c)(5).

68. Section 12952 also prohibits an employer, when conducting a conviction history background check, from considering an arrest not followed by a conviction, incorporating Labor Code § 432.7. *See* subd. (1)(3)(A).

69. Werner violated section 12952 because it failed to make the individualized assessment required by subsection (c)(1)(A) and also failed to provide Plaintiff and other California Fair Chance Class Members with the notice required by subsection (c)(2) and opportunity and mechanism to respond and challenge the refusal to hire based on the background report.

70. Werner declined to hire Plaintiff and, on information and belief, other

California Fair Chance Class Members based on information in their background reports without performing the required individualized assessment or providing them notice and an opportunity to challenge the denial of employment. Moreover, on information and belief, Werner failed to provide rejected applicants with the notice required under Cal. Gov. Code § 12952(c)(5).

71. Further, Werner was prohibited, when conducting a conviction history background check, from considering an arrest not followed by a conviction pertaining to Plaintiff and upon information and belief other job applicants.

72. Cisive aided and abetted violations of the Fair Chance Act by providing Werner and upon information and belief other employers in California with a record arrest or charge not followed by a conviction for use in employment decisions, thereby violating Cal. Gov. Code § 12940(i).

73. As a direct and proximate result of the foregoing violations, Plaintiff and putative class members have been harmed in that they have been denied employment based on improper information and without proper notice to allow them to make timely and informed employment decisions.

74. Consequently, Plaintiff on behalf of himself and putative class members seeks all available remedies, including but not limited to damages and equitable relief, namely, declaratory and injunctive relief.

75. The aforementioned acts of Werner were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Werner, or with the express knowledge, consent, and ratification of managerial employees of Werner, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

76. Prior to filing this action, on or about June 13, 2025, Plaintiff submitted a complaint to the Department of Fair Employment and Housing (DFEH) and obtained an immediate right-to-sue notice pertaining to Werner.

77. Prior to amending this Complaint, on or about October 3, 2025, Plaintiff submitted a subsequent complaint to the DFEH and obtained an immediate right-to-sue notice pertaining to Cisive.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1786.16(a)(4) AND 1786.20(c)**

***(Brought on Behalf of the California Adverse Action Subclass, California Fair Chance Class Members and California Labor Code Section 432.7 Classes Against All Defendants)***

78. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

79. Under California Civil Code § 1786.16(a)(4), a person may not procure or cause to be prepared an investigative consumer report unless, among other things, "[t]he person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by this subdivision and that the person will comply with subdivision (b) [setting forth adverse action notice requirements]."

80. Further, Section 1786.20(c) of the ICRAA prohibits any "inquiry for the purpose of preparing an investigative consumer report on a consumer for employment purposes if the making of the inquiry by an employer of the or prospective employer of the consumer would violate applicable federal and state equal employment opportunity law or regulation."

81. Werner violated Section 1786.16(a)(4) of the ICRAA by obtaining investigative consumer reports on Plaintiff and California Adverse Action Subclass Members without providing proper and true certifications to its CRAs regarding the use of the investigative consumer reports, including certifications that Werner would provide California Adverse Action Subclass Members with the notification required

pursuant to Cal. Civil Code § 1786.40. In this way, Werner impermissibly accessed investigative consumer reports on Plaintiff and the members of the California Adverse Action Subclass.

82. Defendants also violated these sections of the ICRAA by procuring or causing to be prepared investigative consumer reports on Plaintiff, California Fair Chance Act, and California Labor Code Section 432.7 Cisive and Employer Class Members in violation of state equal employment opportunity laws and regulations, namely, the requirements of the Fair Chance Act and Labor Code § 432.7, as alleged above. As a result, Defendants did not have a legitimate purpose to procure and furnish investigative consumer reports on Plaintiff, California Fair Chance, and California Labor Code Section 432.7 Cisive and Employer Class Members, and any certification made to the contrary was inaccurate and false.

83. Accordingly, Plaintiff seeks on behalf of himself, California Adverse Action, and California Labor Code Section 432.7 Cisive and Employer Class Members all available remedies, including but not limited to statutory and punitive damages, attorneys' fees and costs pursuant to Cal. Civ. Code § 1786.50.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 432.7

***(Brought on behalf of the California Fair Chance Class, California Labor Code Section 432.7 Employer Class, and California Labor Code Section 432.7 Cisive Class against all Defendants)***

84. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

85. Labor Code § 432.7(a)(1) prohibits an employer from seeking from any source whatsoever, or utilizing, as a factor in determining any condition of employment including hiring any record of arrest or proceeding that did not result in conviction, such as pending charges.

///

86. Further, Labor Code § 432.7(g)(3) prohibits anyone who is not authorized by law to receive or possess criminal record information pertaining to an arrest or other proceeding that did not result in a conviction to knowingly receive or possess such information. Labor Code § 432.7(g)(2) prohibits any person in possession of such information from knowingly disclosing it.

87. Defendants violated the foregoing provisions of Labor Code § 432.7 among others. Cisive knowingly disclosed criminal record information pertaining to an arrest or other proceeding that did not result in conviction to Werner, and Werner sought from Cisive such information and knowingly received it and utilized it in making hiring decisions.

88. Pursuant to Labor Code § 432.7(c), Plaintiff and each California Labor Code Section 432.7 Cisive Class Member, each California Labor Code Section 432.7 Employer Class Member, and each California Fair Chance Class Member is entitled to statutory damages in the amount of $200 per violation, plus costs and reasonable attorneys' fees.

89. Further, because the foregoing violations were intentional in that Cisive knowingly provided background reports containing prohibited information and Werner knowingly received such reports and took employment action based on them, Defendants are liable for statutory damages in the amount of $500, plus costs and reasonable attorneys' fees.

## <u>SEVENTH CAUSE OF ACTION</u>

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e

***(Brought on behalf of the California Labor Code Section 432.7 Cisive Class against Cisive)***

90. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

91. Section 1681e of the Fair Credit Reporting Act provides that a consumer reporting agency must maintain reasonable procedures designed to limit the

furnishing of consumer reports to the purposes listed under section 1681b for use for employment purposes and further that the agency shall not furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used in a manner that is consistent with section 1681b.

92. Section 1681b regulates the provision of consumer reports for, *inter alia*, employment purposes and specifies that a consumer report may not be used in a manner that would violate any applicable federal or state equal employment opportunity law or regulation. *See* 15 U.S.C. § 1681b(b)(1)(ii); *see also* 15 U.S.C. § 1681d(d)(2) (CRA shall not make an inquiry if doing so would violate federal or state equal employment opportunity law or regulation), 1681a(o)(5)(B) (CRA shall not make inquiries where doing so would violate federal or state equal employment opportunity law or regulation).

93. Section 1681e also requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

94. Cisive violates the Fair Credit Reporting Act by making inquiries and furnishing reports in a manner that violates, and that Civise knows or should know would violate, state equal employment opportunity laws or regulations, namely, Labor Code § 432.7 and the Fair Chance Act, by reporting criminal record information pertaining to arrests or other proceedings that did not result in conviction. Further, Cisive violates 1681e because it fails to follow reasonable procedures to ensure that such prohibited information does appear in its consumer reports.

95. Plaintiff and other putative class members were harmed by this conduct in that they suffered adverse employment consequences and by the disclosure of information to prospective employers which should not have been disclosed.

96. Cisive's conduct in violating the FCRA was and is willful in that Cisive acted in deliberate or reckless disregard of its obligations and the rights of applicants,

including Plaintiff and California Labor Code Section 432.7 Cisive Class Members.

97. Plaintiff on behalf of himself and all such class members, seeks all available remedies, including actual, statutory, and punitive damages pursuant to 15 U.S.C. § 1681n, as well as attorneys' fees and costs.

98. In the alternative to the allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy under 15 U.S.C. § 1681o.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681g**

***(Brought on behalf of the Section 1681g Class against Cisive)***

99. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

100. Section 1681g of the Fair Credit Reporting Act requires, *inter alia*, that "[e]very consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request[,] the sources of the information[, and] identification of each person that procured a consumer report[.]" *Id.* at subd. (a).

101. Cisive violated section 1681g in that it failed to provide Plaintiff and upon information and belief other consumers with all information in their files upon request. Plaintiff had to request his report more than once in writing and on the phone, and ultimately his report was only provided after Cisive was contacted by Plaintiff's counsel.

102. Cisive's conduct in violating the FCRA was and is willful in that Cisive acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Section 1681g Class Members, and caused injury to Plaintiff and putative class members in that they could not obtain their consumer reports and make timely and informed decisions based thereon.

///

103. Plaintiff on behalf of himself and all class members, seeks all available remedies, including actual, statutory, and punitive damages pursuant to 15 U.S.C. § 1681n, as well as attorneys' fees and costs.

104. In the alternative to the allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE CAL. BUS. & PROF. CODE § 17200, *et seq.*

***(Brought on behalf of the California Adverse Action Subclass, the California Fair Chance Class, the California Labor Code Section 432.7 Cisive Class, and the California Labor Code Section 432.7 Employer Class against all Defendants)***

105. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

106. California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of these three criteria to be considered unfair competition.

107. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal Bus. & Prof. Code § 17200.

108. An unlawful business practice under the UCL is one that violates any other law while being a business practice.

109. Defendants' conduct is unlawful as alleged hereinabove in that it violates the FCRA, ICRAA, Fair Chance Act, and Labor Code § 432.7, as alleged hereinabove.

110. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of

the harm to affected consumers.

111. Defendant violated the unfair prong of the UCL by, among other things, including inappropriate material in background reports and failing to disclose the information to job applicants, thereby depriving the applicants of the ability to make timely and informed employment decisions and hurting their employment prospects. These practices also potentially have a disparate impact on underrepresented groups, including African American job applicants. African American job applicants often face disparate impact due to systemic barriers, including the overrepresentation of Black individuals in the criminal justice system, which can limit employment opportunities. This disproportionate exposure to legal scrutiny contributes to unequal hiring outcomes, reinforcing broader racial disparities in economic mobility.

112. The gravity of the harm to the public caused by these unfair acts and practices far outweighs any justifications or motives offered by Defendants, which could be addressed by following the proper or otherwise reasonable procedures for making hiring decisions, such as the provision of adequate notice to adversely impacted job applicants.

113. By their conduct, Defendants have engaged in unfair competition and unlawful and unfair business practices.

114. As a result of the foregoing unfair and unlawful business practices, Plaintiff has suffered injury in fact and lost money or property in the form of lost wages as well as the failure to timely obtain access to reported information to which Plaintiff had a possessory interest.

115. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks all available remedies, including restitution and injunctive relief to prevent the use or employment by Defendants of the unlawful and unfair business practices complained of herein.

116. In addition to pleading this cause of action as a class claim, Plaintiff

separately pleads this cause of action as an individual action for public injunctive relief prohibiting Defendants from engaging in the conduct described herein.

## TENTH CAUSE OF ACTION

## CIVIL PENALTIES PURSUANT TO LABOR CODE § 2699, *et seq.*

***(Brought against Werner)***

117. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

118. Plaintiff brings this claim as a representative action on behalf of prospective and current and former aggrieved employees of Werner.

119. Plaintiff is an aggrieved employee as defined under Labor Code § 2699(c) in that he suffered the violations alleged in this Complaint and was a prospective employee of the violator Werner.

120. Plaintiff seeks penalties under Labor Code § 2699 for Werner's violation of all Labor Code provisions identified in this Complaint. These penalties shall be allocated as follows: 75 percent to the Labor and Workforce Development Agency (LWDA) and 25 percent to the affected prospective, current, and former employees.

121. On or around July 10, 2025, Plaintiff gave written notice by online filing with the LWDA and by certified mail to the Werner Defendants of the specific Labor Code provisions alleged to have been violated and paid the required filing fee. LWDA has not given notice of its intent to investigate the alleged violations of the Labor Code provisions listed in Labor Code § 2699.5 that are identified in this Complaint within 65 calendar days of the postmark date of the aforesaid notice.

///

///

///

///

///

## <u>ELEVENTH CAUSE OF ACTION</u>

## DECLARATORY AND INJUNCTIVE RELIEF

***(Brought on behalf of all Classes Against all Defendants)***

122. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

123. An actual controversy as described hereinabove exists between Plaintiff and Defendants concerning their respective legal rights and obligations for purposes of 28 U.S.C. § 2201 and California Code of Civil Procedure §§ 1060 through 1062, and a judgment will serve a useful purpose in clarifying and settling the legal relations in issue and will terminate and afford relief from the uncertainty, if any, giving rise to the proceeding.

124. At a minimum Plaintiff seeks a declaration, with regard to the California Labor Code Section 432.7 Cisive and Employer Classes, that Werner may not rely upon nor may Cisive provide information relating to an arrest or pending charge that did not result in a conviction for use in employment decisions and that by doing so Werner and Cisive violate equal employment opportunity laws or regulations.

125. Plaintiff also seeks an injunction, with regard to the California Labor Code Section 432.7 Cisive and Employer Classes, prohibiting Werner from seeking from any source whatsoever, or utilizing, as a factor in determining any condition of employment including hiring any record of arrest or proceeding that did not result in conviction, and prohibiting Cisive from disclosing criminal record information pertaining to an arrest or other proceeding that did not result in conviction to employers.

126. Plaintiff and others have suffered irreparable injury in that they have lost job opportunities and are at imminent risk of losing further job opportunities from Werner's reliance on inappropriate criminal record information and Cisive's disclosing of such information to Werner and other potential employers of Plaintiff

and other job applicants, and the available remedies at law are inadequate to compensate for the foregoing injuries because such remedies cannot adequately compensate for the economic and noneconomic loss of future employment opportunities or the chilling effect of such conduct on Plaintiff and other job applicants.

127. Plaintiff further seeks an award of attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be appointed counsel for the classes and subclass;

B. For a declaration of the rights and other legal relations of any interested party as described hereinabove, including that Defendants' practices violate the FCRA, ICRAA, Fair Chance Act, UCL, and Labor Code § 432.7;

C. For penalties pursuant to Labor Code § 2699, as may be proven;

D. For an injunction, including a public injunction, prohibiting Werner from engaging in the prohibited practices described above and requiring Werner to comply with applicable laws as described above;

E. For an injunction, including a public injunction, prohibiting Cisive from engaging in the prohibited practices described above and requiring Cisive to comply with applicable laws as described above;

F. For an award of actual, statutory, and punitive damages;

G. For an order awarding reasonable attorneys' fees and the costs of suit herein;

H. For an award of pre- and post-judgment interest; and

I. For such other and further relief as may be deemed necessary or appropriate.

DATED: October 6, 2025

COUNSELONE, PC

By /s/ Justin Kachadoorian
Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian

*Attorneys for Plaintiff JARRELL ELLSWORTH and the Proposed Classes and Subclass*

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: October 6, 2025

COUNSELONE, PC

By /s/ Justin Kachadoorian
Anthony J. Orshansky
Alexandria Kachadoorian
Justin Kachadoorian

*Attorneys for Plaintiff JARRELL ELLSWORTH and the Proposed Classes and Subclass*